PAUL S. METSCH [SBN 121912]
pmetsch@swsslaw.com
MICHAEL J. MASON [SBN 222602]
mmason@swsslaw.com
SOLOMON WARD SEIDENWURM & SMITH, LLP
401 B Street, Suite 1200
San Diego, California 92101
Telephone: (619) 231-0303
Facsimile: (619) 231-4755

Attorneys for Plaintiff
9826 LFRCA, LLC

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 9826 LFRCA, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT A. HURWITZ, individually and dba HURWITZ-JAMES COMPANY; HURWITZ-JAMES COMPANY, a suspended California corporation,<br><br>Defendants. | CASE NO.: **'13CV1042 L    JMA**<br><br>**PLAINTIFF'S COMPLAINT FOR:**<br>1) **INTENTIONAL MISREPRESENTATION**<br>2) **NEGLIGENT MISREPRESENTATION**<br>3) **FRAUDULENT CONCEALMENT**<br>4) **NEGLIGENCE**<br><br>**[DEMAND FOR JURY TRIAL]** |

Plaintiff 9826 LFRCA, LLC ("9826 LFRCA") complains and alleges:

## PARTIES

1.  9826 LFRCA is, and at all relevant times was, a Delaware limited liability company with its principal place of business in Palm Beach, Florida. 9826 LFRCA is a foreign company authorized to do business in California. The Donald Alan Burns Revocable Trust ("Trust") is the sole member of 9826 LFRCA. 9826 LFRCA owns the real property located at 9826 La Jolla Farms Road, La Jolla, California 92037 ("Property").

2.  Plaintiff alleges on information and belief that Defendant ROBERT A. HURWITZ ("Hurwitz") is, and at all relevant times was, an individual residing in

P:00776142-5:55377.003

COMPLAINT

1  the State of California.  Plaintiff further alleges that Hurwitz does business in San
2  Diego County, California individually as the Hurwitz-James Company.
3      3.    Plaintiff alleges on information and belief that Defendant HURWITZ-
4  JAMES COMPANY ("Hurwitz-James" and together with Hurwitz "Defendants")
5  is, and at all relevant times was, a suspended California corporation with its
6  principal place of business in Marina Del Rey, California and doing business in
7  San Diego County, California.
8      4.    Plaintiff alleges on information and belief that, at all relevant times,
9  each of Hurwitz and Hurwitz-James was the principal, agent, employer, employee,
10 partner, joint venturer, or constructive trustee of each of the other Defendants and
11 was acting within the course and scope of that relationship, and with the consent
12 and under the authority of the remaining Defendants, in connection with the acts,
13 omissions and matters set forth in this Complaint, and that Plaintiff's damages are
14 the direct and proximate result of the actions or inactions of all Defendants.

## JURISDICTION AND VENUE

16     5.    Jurisdiction is proper in this Court by reason of 28 U.S.C. § 1332, in
17 that the amount in controversy exceeds $75,000 and the controversy is between
18 citizens of different states because both Defendants are citizens of California, and
19 9826 LFRCA is a citizen of Florida as evidenced by the following facts:

    a.    The Donald Alan Burns Revocable Trust ("Trust") is the sole member of 9826 LFRCA.

    b.    The Trust is a revocable trust that Donald A. Burns ("Mr. Burns"), as Settlor, established in 1997, as an estate planning device.

    c.    Since the Trust's inception, Justin McInerny and Mr. Burns have been trustees of the Trust.

    d.    Justin McInerny is a citizen of Maryland.  He is an attorney admitted to the bar in Maryland and has been practicing law

1   since 1993 in Bethesda, Maryland, where he resides.  Upon
2   information and belief, Mr. McInerny has never been a citizen
3   of, or resided, owned property or worked in California.
4  e.  Under the Trust, Mr. Burns has the right to make decisions with
5   or without the participation of any co-trustee.
6  f.  As Settlor of the Trust, Mr. Burns also has the right to revoke,
7   amend or terminate the Trust.  Mr. Burns controls the Trust.
8  g.  Mr. Burns is a citizen of Florida, and has been a citizen of
9   Florida since 1998.
10  h.  Mr. Burns has a voter registration card which shows that he has
11   been a registered voter in Palm Beach, Florida, since 1998 and
12   has consistently voted there during that time.  Mr. Burns is not
13   and has never been registered to vote in California.
14  i.  Mr. Burns owns a home in Palm Beach, Florida, which he
15   considers to be his primary residence, on which he obtained a
16   Florida "Homestead" tax exemption.
17  j.  Mr. Burns spends only about 7 percent of his time in California,
18   and the majority of his time in Florida.
19  k.  Mr. Burns has a Florida driver's license which he has maintained
20   since at least 1998.  Mr. Burns does not have a California
21   driver's license.
22  l.  All of Mr. Burns' vehicles are registered in Florida.
23  m.  Mr. Burns' primary care physician and dentist are in Florida.
24  n.  Mr. Burns has club memberships in Florida.  He has no club
25   membership in California.
26  o.  Mr. Burns serves as a volunteer Guardian Ad Litem in the
27   Florida Child Welfare system.
28  / / /

| | | |
|---|---|---|
| 1 | p. | Mr. Burns is employed full-time by the Donald A. Burns |
| 2 | | Foundation, Inc., located at 450 Royal Palm Way, Suite 450, |
| 3 | | Palm Beach, Florida. |
| 4 | q. | Florida has no personal income tax, and therefore Mr. Burns |
| 5 | | does not file annual Florida personal income tax returns.  Mr. |
| 6 | | Burns' Federal Tax returns give his Florida home address as his |
| 7 | | address.  Also, Mr. Burns has filed non-resident New York State |
| 8 | | Tax returns that give his Florida address as his address.  Neither |
| 9 | | Mr. Burns nor 9826 LFRCA has ever filed state income tax |
| 10 | | returns in California. |
| 11 | r. | The Trust maintains an office at 450 Royal Palm Way, Suite 450, |
| 12 | | Palm Beach, Florida.  The lessee of the office space is The |
| 13 | | Donald A. Burns Foundation, Inc. |
| 14 | s. | Mr. Burns keeps 9826 LFRCA's records in an office at 450 |
| 15 | | Royal Palm Way, Suite 450, Palm Beach, Florida, space it shares |
| 16 | | with the Trust, The Donald A. Burns Foundation, Inc., and other |
| 17 | | affiliated entities. |
| 18 | t. | 9826 LFRCA and the Trust receive their mail, including 9826 |
| 19 | | LFRCA's bills for utilities and services, at 450 Royal Palm Way, |
| 20 | | Suite 450, Palm Beach, Florida. |
| 21 | u. | Both Mr. Burns and his assistant, who handles correspondence |
| 22 | | and maintains the business records of the Trust and of 9826 |
| 23 | | LFRCA, have desks in the 450 Royal Palm Way, Suite 450, |
| 24 | | Palm Beach, Florida office space. |
| 25 | v. | 450 Royal Palm Way, Suite 450, Palm Beach, Florida, is Mr. |
| 26 | | Burns' base of operations for the affairs of the Trust and 9826 |
| 27 | | LFRCA and is the place where Mr. Burns directs, controls and |
| 28 | | coordinates the affairs of 9826 LFRCA and the Trust. |

  w. Mr. Burns has never considered La Jolla, California, to be his primary residence; rather he has always intended to maintain his Florida citizenship and to return to his primary residence in Palm Beach, Florida.

 6. Venue is proper in this judicial district by reason of 28 U.S.C. § 1391(a)(2) as "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated" in this District, and by reason of 28 U.S.C. § 1391(a)(3), in that Defendants are subject to personal jurisdiction in this District at the time the action is commenced because, among other things, Defendants performed work and services in San Diego County, California.

## GENERAL ALLEGATIONS

 7. On or about December 5, 2011, Mr. Burns entered into a purchase agreement (the "Purchase Agreement") with the Chapter 7 bankruptcy trustee and seller, Leslie T. Gladstone, to purchase the Property. Defendants served as the listing real estate broker for the Chapter 7 Trustee.

 8. The escrow instructions for the sale of the Property provided that Mr. Burns would take title as "Donald A. Burns, or his successors and/or assigns." Before the close of escrow on the Property, Mr. Burns assigned all of his rights, title and interest in the Property, and all related contract, negligence and tort claims arising therefrom, to 9826 LFRCA. Upon the close of escrow, legal title to the Property vested in 9826 LFRCA.

 9. The Property is located directly above Black's Beach and/or abuts Black's Beach in La Jolla, California. Defendants represented in their marketing materials and their MLS listing that the Property "features private access to Black's Beach" (the "Representations"). Mr. Burns justifiably relied upon the Representations in entering into the Purchase Agreement. The Representations were false.

10. The true facts were that the "private access to Black's Beach" ("Access") was not a legal, perpetual, private access appurtenant to the Property of the type that Defendants' marketing materials and MLS listing reasonably implied. Instead, the Access is nothing more than a fully revocable license given by the University of California, San Diego that the University can unilaterally revoke at any time, the Access is not private and exclusive to the Property, and there is no access, private or otherwise, directly from the Property to Black's Beach.

11. Mr. Burns did not learn of the falsity of Defendants' Representations until after he had entered into the Purchase Agreement.

## FIRST CLAIM FOR RELIEF

### (Intentional Misrepresentation—Against all Defendants)

12. Plaintiff incorporates by reference paragraphs 1 through 11.

13. Plaintiff is informed and believes and on that basis alleges that Defendants made the Representations to Mr. Burns to induce Mr. Burns to enter into the Purchase Agreement.

14. Plaintiff is informed and believes and on that basis alleges that, at the time Defendants made the Representations, they knew that they were false. The true facts were that: (1) the Access is not, and was not, a legal perpetual private access appurtenant to the Property, but rather no more than a fully revocable license given by the University of California, San Diego that can be unilaterally revoked at any time; (2) the Access is not private and exclusive to the Property; and (3) there is no access, private or otherwise, directly from the Property to Black's Beach.

15. Mr. Burns had no reason to believe that the Representations were false and reasonably relied on them when entering into the Purchase Agreement.

16. As a result of the Representations, Plaintiff, as Mr. Burns' assignee, has been damaged in the sum of approximately $1,000,000, according to proof.

/ / /

17. In doing the acts alleged herein, Defendants acted with fraud, oppression and malice, and Plaintiff is entitled to punitive damages, according to proof.

## SECOND CLAIM FOR RELIEF

**(Negligent Misrepresentation—Against all Defendants)**

18. Plaintiff incorporates by reference paragraphs 1 through 11.

19. Plaintiff is informed and believes and on that basis alleges that Defendants made the Representations at a time when they did not have sufficient knowledge, information or reasonable grounds to believe them to be true.

20. Plaintiff is informed and believes and on that basis alleges that Defendants made the Representations to induce Mr. Burns to enter into the Purchase Agreement.

21. Defendants were under a duty to exercise ordinary care and diligence in making the Representations. When Defendants made the Representations, Defendants should have known that the Representations were false.

22. Mr. Burns had no reason to believe that the Representations were false and reasonably relied on them when entering into the Purchase Agreement.

23. As a result of that reliance, Plaintiff, as Mr. Burns' assignee, has been damaged in the sum of approximately $1,000,000, according to proof.

## THIRD CLAIM FOR RELIEF

**(Fraudulent Concealment—Against all Defendants)**

24. Plaintiff incorporates by reference paragraphs 1 through 11.

25. Defendants failed to reveal and concealed the true facts regarding the Representations; namely: (1) the Access is not, and was not, a legal perpetual private access appurtenant to the Property, but rather no more than a fully revocable license given by the University of California, San Diego that can be unilaterally revoked at any time; (2) the Access is not private and exclusive to the

/ / /

1 | Property; and (3) there is no access, private or otherwise, directly from the
2 | Property to Black's Beach.
3 |     26.   Defendants' concealment of the true facts regarding the Access was
4 | likely to mislead Mr. Burns, was intended to do so, and did in fact mislead Mr.
5 | Burns.
6 |     27.   Defendants' concealment alleged above was made to induce Mr. Burns
7 | to enter into the Purchase Agreement in reliance thereon, which Mr. Burns did.
8 |     28.   At the time of Defendants' concealment of the true facts regarding the
9 | Access, Mr. Burns did not know the facts which Defendants concealed. If Mr.
10 | Burns would have known the true facts regarding the Access, he would have paid
11 | less for the Property.
12 |     29.   By reason of Defendants' fraudulent concealment alleged above,
13 | Plaintiff, as Mr. Burns' assignee, has been damaged in the sum of approximately
14 | $1,000,000, according to proof.
15 |     30.   In doing the acts alleged herein, Defendants acted with fraud,
16 | oppression and malice, and Plaintiff is entitled to punitive damages, according to
17 | proof.

## FOURTH CLAIM FOR RELIEF

**(Negligence—Against all Defendants)**

20 |     31.   Plaintiff incorporates by reference paragraphs 1 through 11.
21 |     32.   Defendants owed to Mr. Burns a duty to exercise reasonable care to
22 | ensure that the information contained in their marketing materials and their MLS
23 | listing accurately represented the true facts. Further, Defendants owed Mr. Burns a
24 | duty to inform him of the true facts concerning all aspects of the Property material
25 | to its value, including the Access, and to correct any errors or omissions in the
26 | information that Defendants had provided to Mr. Burns, before Mr. Burns entered
27 | into the Purchase Agreement.
28 |

33. Defendants materially breached their duty of care to Mr. Burns in connection with the sale of the Property by, among other things, failing to disclose the true facts relating to the Access and that the Representations were false. Defendants were negligent.

34. As a direct and proximate result of Defendants' actions as alleged herein, Plaintiff, as Mr. Burns' assignee, has been damaged in the sum of approximately $1,000,000, according to proof.

## PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them:

**ON ALL CLAIMS FOR RELIEF:**

1. For compensatory damages in excess of $1,000,000, according to proof at trial;

2. For costs of suit incurred herein, including attorneys' fees, as allowed by law;

3. For pre-judgment interest allowed by law at the maximum allowable legal rate; and

4. For other appropriate relief.

**ON THE FIRST AND THIRD CLAIMS FOR RELIEF:**

1. Punitive damages, according to proof.

*Respectfully submitted*,

DATED: May 1, 2013         SOLOMON WARD SEIDENWURM & SMITH, LLP

By: */s/ Paul S. Metsch*
PAUL S. METSCH
MICHAEL J. MASON
Attorneys for Plaintiff 9826 LFRCA, LLC

**DEMAND FOR JURY TRIAL**

Plaintiff 9826 LFRCA, LLC hereby demands trial by jury of each claim for relief in the Complaint that is triable by jury.

DATED:  May 1, 2013        SOLOMON WARD SEIDENWURM & SMITH, LLP

By:  */s/ Paul S. Metsch*
     PAUL S. METSCH
     MICHAEL J. MASON
     Attorneys for Plaintiff 9826 LFRCA, LLC