UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 9826 LFRCA, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>ROBERT A. HURWITZ, individually and dba HURWITZ JAMES COMPANY; HURWITZ JAMES COMPANY,<br><br>    Defendants.<br>_____<br>ROBERT A. HURWITZ, individually and dba HURWITZ JAMES COMPANY,<br><br>    Third Party Plaintiff,<br>v.<br><br>DONALD A. BURNS, *et al.,*<br><br>    Third Party Defendants.<br>_____ | Civil No. 13cv1042 L (JMA)<br><br>**ORDER DENYING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** [doc. #16] |

    Third party defendant Donald A. Burns moves for dismissal of the Third Party Complaint for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). This Motion has been fully briefed and is considered without oral argument.

/ / /

/ / /

## I.    BACKGROUND

This action arises out of the purchase of a real property ("Property") featuring a house custom-designed by Wallace Cunnigham, which is recognized as architecturally significant. The Property is located directly above or abuts Black's Beach in LaJolla, California. The owner of the estate filed a bankruptcy petition. Thereafter, the Chapter 7 bankruptcy trustee, Leslie T. Gladstone, arranged for the sale of the Property for the benefit of the bankruptcy estate. Defendants Robert A. Hurwitz, individually and dba Hurwitz James Company, and Hurwitz James Company (collectively "Hurwitz") acted as the real estate listing broker for the Chapter 7 trustee, who was the actual seller of the Property.

Donald A. Burns ("Burns") entered into a Purchase Agreement for the Property for $14,097,000.00 with the understanding, based upon defendant's marketing materials and the MLS listing, that the Property featured private access to Black's Beach.

Just prior to the close of escrow, Burns assigned all of his rights, title and interest in the property to 9826 LFRCA, LLC. Burns is a trustee of the Donald Alan Burns Revocable Trust and the Trust is the sole member of 9826 LFRCA. Upon the close of escrow, legal title to the Property vested in 9826 LFRCA, not Burns.

9826 LFRCA filed a complaint against defendants alleging four causes of action: intentional misrepresentation, negligent misrepresentation, fraudulent concealment, and negligence against Hurwitz. In the complaint, 9826 LFRCA alleges that the private access to Black's Beach was not a "legal, perpetual, private access appurtenant to the Property as stated in defendants' marketing materials." Rather the access is a "fully revocable license given by the University of California, San Diego that the University can unilaterally revoke at any time, the access is not private and exclusive to the Property, and there is no access, private or otherwise, directly from the Property to Black's Beach." (Comp. at ¶ 10.)

Hurwitz then filed a third party complaint against Donald A. Burns, Coldwell Banker Residential Brokerage Company, and Laleh Monshizadeh ("third party defendants") seeking equitable indemnity, contribution, apportionment of fault and declaratory relief. Coldwell Banker and agent Monshizadeh had represented Burns as the purchaser of the Property. As noted

1  above, Hurwitz was the listing agent for the Property for the seller, the bankruptcy trustee.

2  Third party plaintiff Hurwitz alleges that Burns failed to properly conduct his due
3  diligence on the Property prior to making the decision to purchase it and failed to investigate,
4  research and otherwise discover the facts he now claims have caused the Property to be worth
5  $1,000,000.00 less than the agreed upon price. (TPC at ¶ 15.) Hurwitz also alleges that Coldwell
6  Banker and Monshizadeh failed to properly advise Burns and failed to investigate the facts
7  concerning the Property, including the inspection of records and permits concerning title to the
8  use of the Property.

9  In response to the third party complaint, third party defendant Burns seeks dismissal
10  based on the Court's lack of personal jurisdiction over him.

## II. LEGAL STANDARD

Under Rule 12(b)(2), a court may dismiss a suit for "lack of jurisdiction over the person." FED. R. CIV. P. 12(b)(2). When the parties dispute whether personal jurisdiction over a foreign defendant is proper, "the plaintiff bears the burden of establishing that jurisdiction exists." *Rios Props. Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002). In ruling on a motion brought under 12(b)(2), the "court may consider evidence presented in affidavits to assist in its determination and may order discovery on the jurisdictional issues." *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001). Where the motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make "a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Bryton Purcell LLP v. Recordon & Recordon*, 575 F.3d 981, 985 (9th Cir. 2009). A prima facie showing means that "the plaintiff need only demonstrate facts that if true would support jurisdiction over the defendant." *Unocal*, 248 F.3d at 922. "In determining whether the plaintiff has met this burden, the Court must take the allegations in the plaintiff's complaint as true and resolve the disputed jurisdictional facts in the plaintiff's favor." *Nissan Motor Co., Ltd. v. Nissan Computer Corp.*, 89 F. Supp. 2d 1154, 1158 (C.D. Cal. 2000) (citing *Ziegler v. Indian River Cnty.*, 64 F.3d 470, 473 (9th Cir. 1995)).

27  / / /
28  / / /

### III.   DISCUSSION

Burns contends that this Court does not have either general or specific personal jurisdiction over him in this matter, arguing that Hurwitz has not met his burden of proof, or alternatively, that Burns has overcome the presumption that jurisdiction is reasonable. Plaintiff opposes, arguing that this Court can exercise specific jurisdiction over Burns. Because plaintiff is not suggesting general jurisdiction is applicable in this situation,[1] the Court will consider whether Burns is subject to specific jurisdiction in this Court.

"The general rule is that personal jurisdiction over a defendant is proper if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). Both the California and federal long-arm statutes require compliance with due-process requirements. FED. R. CIV. P. 4(k)(2); *Pebble Beach*, 453 F.3d at 1155; *see Holland Am. Line Inc. v. Wärtsilä N. Am., Inc.*, 485 F.3d 150, 161 (9th Cir. 2007).

Specific jurisdiction allows the court to exercise jurisdiction over a defendant whose forum-related activities give rise to the action before the court. *See Bancroft & Masters, Inc. v. August Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). The Ninth Circuit employs a three-part test to determine whether the defendant's contacts with the forum state are sufficient to subject it to specific jurisdiction. *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). Under the three-part inquiry, specific jurisdiction exists only if: (1) the out-of-state defendant purposefully availed himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of the forum's laws; (2) the cause of action arose out of the defendant's forum-related activities; and (3) the exercise of jurisdiction is reasonable. *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1072 (9th Cir. 2001). The plaintiff bears the burden of satisfying the first two prongs of this specific jurisdiction test. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). "If the plaintiff succeeds in satisfying both of the first two prongs, the

---

[1]   There are two types of personal jurisdiction: general and specific. General jurisdiction is established if a party's activities in the state are "substantial" or "continuous and systematic" regardless of whether those activities are related to the claim at issue. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–15 (1984).

burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Id.* "If any of the three requirements is not satisfied, jurisdiction in the forum would deprive the defendant of due process of law." *Pebble Beach*, 453 F.3d at 1155.

Under the first prong of the specific jurisdiction test, the plaintiff must establish that the defendant either purposefully availed himself of the privilege of conducting activities in California, or purposefully directed his activities toward California. *See Schwarzenegger*, 374 F.3d at 802. The Court of Appeals for the Ninth Circuit has noted that purposeful availment and purposeful direction are two distinct concepts. *Id.* "A purposeful availment analysis is most often used in suits sounding in contract. A purposeful direction analysis, on the other hand, is most often used in suits sounding in tort." *Id.* (internal citations omitted).

"Whether an action is based on contract or tort depends upon the nature of the right sued upon, not the form of the pleading or relief demanded. If based on breach of promise it is contractual; if based on breach of a noncontractual duty it is tortious. If unclear the action will be considered based on contract rather than tort." *Amtower v. Photon Dynamics, Inc.*, 158 Cal.App.4th 1582, 1602 (2008); *see also Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 343 n. 2 (9th Cir.1996) ("The label that a plaintiff places on his pleadings, however, does not determine the nature of his cause of action."). Third party defendant and movant Burns relies on the purposeful availment analysis. (*See* Mtn Ps&As at 6.) In the present case, the Court finds that the third party complaint sounds in contract and should be analyzed under a purposeful availment standard. *See Boschetto*, 539 F.3d at 1016.

**1.     Consent to Jurisdiction**

Before discussing the three-prong test for specific jurisdiction, Hurwitz argues that Burns consented to personal jurisdiction in California by agreeing to a forum-selection provision found in the Purchase Agreement and by being a resident of California.

A forum-selection clause in a contract may establish jurisdiction even in the absence of minimum contacts. *Holland America Line Inc. v. Wartsila North America, Inc.*, 485 F.3d 450, 458 (9th Cir. 2007).  A choice of law provision standing alone is not sufficient to establish jurisdiction; however, it is a relevant factor. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 482

(1985). Burns contends that the Purchase Agreement contains a choice of law provision but not a forum selection provision. *See Exh. A*, ¶ 28. The relevant provision states: "Except as otherwise specified, the Agreement shall be interpreted and disputes shall be resolved in accordance with the laws of the State of California." This is not a forum selection clause. Instead, it is a classic choice of law provision which is a relevant but not sufficient basis for establishing jurisdiction.

Plaintiff also asserts that Burns consented to this Court's jurisdiction because he is a resident of California. Burns's declaration sets forth that he is a resident of Florida and he spends approximately 7% of his time in California. This statement does not show that Burns is a resident of California and subject to the Court's jurisdiction.

The Court finds that Burns has not consented to this Court's jurisdiction by the choice of law provision in the Purchase Agreement or by his somewhat limited presence in the state.

**2.      Purposeful Availment**

The purposeful availment prong of the specific jurisdiction test prevents a defendant from being haled into a jurisdiction through "random," "fortuitous," or "attenuated" contacts. *Terracom v. Valley Nat. Bank*, 49 F.3d 555, 560 (9th Cir. 1995). The "purposeful availment requirement is the test for the fundamental determination of whether 'the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.'" *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987) (quoting *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297.

Purposeful availment typically consists of action taking place in the forum that invokes the benefits and protections of the laws of the forum, such as executing or performing a contract within the forum. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). The formation of a contract with a nonresident defendant is not, standing alone, sufficient to create jurisdiction." *Boschetto v. Hansing*, 539 F.3d 1011, 1017 (9th Cir. 2008)(citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985) ("If the question is whether an individual's contract with an out-of-state party alone can automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer clearly is that it cannot.")). However, forming or performing a contract is not a necessary element for finding purposeful availment.

*See Roth v. Garcia Marquez*, 942 F.2d 617, 621 (9th Cir. 1991)("In order to have purposefully availed oneself of conducting activities in the forum, the defendant must have performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state.")

Although Burns did not ultimately purchase the Property, instead assigning the Purchase Agreement to 9826 LFRCA, Burns deliberately engaged in significant activities within this forum by soliciting a real property to purchase, by negotiating and participating in the contracting process, by visiting the Property site on two occasions, by signing of the Purchase Agreement, and by participating in the bankruptcy proceedings so that the purchase transaction could be approved and consummated. The assignment of the Purchase Agreement to 9826 LFRCA does not change or lessen Burns's engagement in the lead up to the purchase of real property in California. His activities prior to the assignment to 9826 LFRCA are sufficient to show that Burns purposefully availed himself of the privileges and benefits of the State of California with respect to the purchase of the Property.

The Court concludes that third-party defendant's contacts with California were neither random, fortuitous nor attenuated and are sufficient to show purposeful availment on the part of Burns.

**2.     Claim Arises Out of Forum-Based Activity**

The second requirement for specific jurisdiction is that a plaintiff's claim arises out of or relates to the defendant's activities in the forum. *See Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998). The Ninth Circuit had adopted the "'but for' test to determine whether a particular claim arises out of forum-related activities." *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000); *see also Ballard*, 65 F.3d at 1500. (9th Cir.1995). A claim meets this requirement if the injury to the plaintiff would not have occurred "but for" the defendant's forum-related activity. *See id.*

Here, the second prong is satisfied because "but for" Burns's solicitation of a contractual relationship with a California-based seller, who had third party plaintiff act as the real estate listing broker, and entering an agreement to purchase real property in California, third party

plaintiff would not have been injured.

The Court concludes that plaintiff's claims arise out of Burns's contacts with California.

### 3. Reasonableness of Exercising Jurisdiction

Because Hurwitz has established the first two prongs of the test for specific jurisdiction, the forum's exercise of jurisdiction is presumptively reasonable. To rebut that presumption, a defendant, in this case, Burns, must present a compelling case that the exercise of jurisdiction would, in fact, be unreasonable." *Roth v. Garcia Marquez*, 942 F.2d 617, 621–22 (9th Cir.1991); *see Schwarzenegger*, 374 F.3d at 802. The exercise of jurisdiction must be reasonable "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Panavision*, 141 F.3d at 1322 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–77 (1985)). The factors to be balanced when considering reasonableness are: (1) the extent of the defendant's purposeful interjection; (2) the burden on the defendant in defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. *Id.* at 1323. None of these factors is dispositive. Further, the defendant must demonstrate that the "inconvenience is so great as to constitute a deprivation of due process." Id. at 1323.

First, as discussed above, Burns purposefully availed himself of the privilege of conducting activities in California. The present situation is not one where a defendant enters into an "attenuated" or "random" contact with a foreign resident, so that it would be unreasonable to hale the defendant into a court in the foreign forum. *See Terracom*, 49 F.3d at 560. Burns initiated and entered into a contractual arrangement to purchase real property in California. Third party plaintiff was a California-based broker for the sale of the subject Property on behalf of the bankruptcy trustee. Burns appeared on two occasions before the bankruptcy court in order to have the purchase of the Property approved. Under these circumstances, Burns sufficiently interjected himself into California so as to subject himself to this Court's jurisdiction even though he was not the ultimate purchaser of the Property. Thus, the first factor weighs strongly

in favor of third party plaintiff.

Second, the burden on the third party defendant in defending in California is not substantial. 9826 LFRCA, for which the Donald Alan Burns Revocable Trust is the sole member, initiated the underlying action in this forum. Although Burns contends that he only visits the Property approximately 7% of his time, it is difficult to find that litigating in California would be burdensome for Burns. This factor weighs only slightly in defendant's favor.

Third, Burns does not argue that litigating this matter in California would create a conflict with the sovereignty of the State of Florida. This factor is neutral

Fourth, California has a strong interest in this action as it involves California real property; one of its citizens, Hurwitz, was involved in the real property transaction, albeit not as a contracting party; and who was allegedly injured. Further, the action is based on the laws of this forum. This factor weighs heavily in third party plaintiff's favor.

Fifth, the efficient-resolution factor considers the availability of evidence and witnesses, *see Panavision*, 141 F.3d at 1323, and the forum which is more familiar with the facts and history of the case, *Ballard*, 65 F.3d at 1501–02. Because the underlying action involves the same evidence and witnesses, and arises out of the same facts, this factor weighs heavily in third party plaintiff's favor.

Sixth, the importance of the forum to the plaintiff's interest in convenient and effective relief; Plaintiff is located in California, as are the protected works, and its designers. It may be more costly and inconvenient for Plaintiff to litigate in another forum, but the burden on Plaintiff is relatively light. This factor is essentially neutral.

Seventh, Burns does not suggest there is an alternative forum. Instead, he argues that the third party complaint should be dismissed because Hurwitz will still have defenses against Burns in the underlying action. Burns provides no legal citation to support this practice.

After balancing all the factors, the Court concludes that the exercise of jurisdiction over Burns is reasonable.

/ / /

/ / /

## IV. CONCLUSION

Because Hurwitz satisfied the first two prongs of specific jurisdiction, the burden shifted to Burns to present a compelling case that the exercise of jurisdiction would not be reasonable over him. *Mavrix Photo, Inc. V. Brand Techs, Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011). To rebut that presumption, the defendant "must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." Id. at 477. No such compelling case has been presented here. Burns has not met his burden, and the exercise of personal jurisdiction over Burns is reasonable.

Accordingly, third party defendant Donald A. Burns's motion to dismiss for lack of personal jurisdiction is **DENIED**. Burns shall answer the third party complaint in accordance with the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

DATED: March 10, 2014

M. James Lorenz
United States District Court Judge

COPY TO:

HON. JAN M. ADLER
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL