UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 9826 LFRCA, LLC, <br><br> Plaintiff, <br><br> v. <br><br> ROBERT A. HURWITZ, individually and dba HURWITZ JAMES COMPANY; HURWITZ JAMES COMPANY, <br><br> Defendants. <br> _____ <br> ROBERT A. HURWITZ, individually and dba HURWITZ JAMES COMPANY, <br><br> Third Party Plaintiff, <br> v. <br><br> DONALD A. BURNS, *et al.,* <br><br> Third Party Defendants. <br> _____ | Civil No. 13cv1042 L (JMA) <br><br> **ORDER DENYING MOTION TO DISMISS THIRD-PARTY COMPLAINT** [doc. #24] |

Third party defendant Donald A. Burns moves for dismissal of the Third Party Complaint under Federal Rule of Civil Procedure 12(b)(6). This Motion has been fully briefed and is considered without oral argument.

/ / /

/ / /

## I.  BACKGROUND

This action arises out of the purchase of a real property ("Property") featuring a house custom-designed by Wallace Cunnigham, which is recognized as architecturally significant. The Property is located directly above or abuts Black's Beach in LaJolla, California. The owner of the estate filed a bankruptcy petition. Thereafter, the Chapter 7 bankruptcy trustee, Leslie T. Gladstone, arranged for the sale of the Property for the benefit of the bankruptcy estate. Defendants Robert A. Hurwitz, individually and dba Hurwitz James Company, and Hurwitz James Company (collectively "Hurwitz") acted as the real estate listing broker for the Chapter 7 trustee, who was the actual seller of the Property.

Donald A. Burns ("Burns") entered into a Purchase Agreement for the Property for $14,097,000.00 with the understanding, based upon defendant's marketing materials and the MLS listing, that the Property featured private access to Black's Beach.

Just prior to the close of escrow, Burns assigned all of his rights, title and interest in the property to 9826 LFRCA, LLC ("the LLC"). Burns is a trustee of the Donald Alan Burns Revocable Trust and the Trust is the sole member of the LLC. Upon the close of escrow, legal title to the Property vested in the LLC, not Burns.

The LLC filed a complaint against defendants alleging four causes of action: intentional misrepresentation, negligent misrepresentation, fraudulent concealment, and negligence against Hurwitz. In the complaint, the LLC alleges that the private access to Black's Beach was not a "legal, perpetual, private access appurtenant to the Property as stated in defendants' marketing materials." Rather the access is a "fully revocable license given by the University of California, San Diego that the University can unilaterally revoke at any time, the access is not private and exclusive to the Property, and there is no access, private or otherwise, directly from the Property to Black's Beach." (Compl. at ¶ 10.)

Hurwitz then filed a third party complaint against Donald A. Burns, Coldwell Banker Residential Brokerage Company, and Laleh Monshizadeh ("third party defendants") seeking equitable indemnity, contribution, apportionment of fault and declaratory relief. Coldwell Banker and agent Monshizadeh had represented Burns as the purchaser of the Property. As noted

above, Hurwitz was the listing agent for the Property for the seller, the bankruptcy trustee.

Hurwitz alleges that Burns failed to properly conduct his due diligence on the Property prior to making the decision to purchase it and failed to investigate, research and otherwise discover the facts he now claims have caused the Property to be worth $1,000,000.00 less than the agreed upon price. (TPC at ¶ 15.) Hurwitz also alleges that Coldwell Banker and Monshizadeh failed to properly advise Burns and failed to investigate the facts concerning the Property, including the inspection of records and permits concerning title to the use of the Property.

In response to the third party complaint, third party defendant Burns seeks dismissal for failure to state a claim. (doc. # 24.)

## II.   LEGAL STANDARD

The court must dismiss a cause of action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The court must accept all allegations of material fact as true and construe them in light most favorable to the nonmoving party. *Cedars-Sanai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007). Material allegations, even if doubtful in fact, are assumed to be true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, the court need not "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (internal quotation marks omitted). In fact, the court does not need to accept any legal conclusions as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). Instead, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

Generally, courts may not consider material outside the complaint when ruling on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). However, documents specifically identified in the complaint whose authenticity is not questioned by parties may also be considered. *Fecht v. Price Co.*, 70 F.3d 1078, 1080 n.1 (9th Cir. 1995). Moreover, the court may consider the full text of those documents, even when the complaint quotes only selected portions. *Id.* It may also consider material properly subject to judicial notice without converting the motion into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).

**III.   DISCUSSION**

Burns moves to dismiss the Third Party Complaint ("TPC") on four grounds. None has merit.

First, Burns construes the basis for Hurwitz's claims against him as stemming from his failure to disclose to the LLC knowledge he acquired after he entered into the agreement to purchase the Property. (doc. # 24, p. 5.) He contends that "[a]ll rights arising from Hurwitz' misrepresentations were fixed at the time Burns signed the purchase agreement." (*Id.* (emphasis omitted).) As a result, he argues, "after-acquired knowledge is irrelevant and cannot support any theory of liability." (*Id.*)

The TPC belies this contention. "The purchase was contingent upon Burns performing his investigation of the subject property and 'all matters concerning the property[.]' " (TPC ¶ 12.) For the purpose of this motion, the Court assumes true all allegations of material fact in the TPC.

*See Cedars-Sanai Med. Ctr.*, 497 F.3d at 975. Thus, to the extent that the TPC premises Burns' liability on his failure to act with due care in his investigation subsequent to the purchase agreement, his investigation is very relevant; it was an explicit condition of sale.

Second, Burns seems to contend that he assigned away any tort liability to the LLC along with his rights to the property. (*See* doc. # 24, pp. 6-7.) None of the legal authority he presents supports this position. Burns seems to construe the basis for his liability as arising from his rights to the property, though the original Complaint, for which Hurwitz seeks indemnification from Burns, makes it clear that the LLC seeks damages for violations of tort law. (Compl. ¶¶ 12-34 (alleging intentional and negligent misrepresentation, fraudulent concealment, and negligence).)

Third, Burns contends that Hurwitz' claims against Burns may only be asserted as affirmative defenses against the LLC, and not against Burns in the form of an impleader. (doc. # 24, p. 8.) Burns provides legal authority in support of the position that notice on the part of a member of a member-managed LLC is imputed to the LLC. (*Id.*) But he does not provide any law in support of the proposition that an impleader filed against an individual may only be brought instead as a defense against the LLC that originally initiated the lawsuit.

Fourth and finally, Burns contends that there can be no joint liability between him and Hurwitz because "[d]uties of a trustee and an LLC member are separate and distinct from the statutory and common law disclosure duties imposed upon a real estate broker selling property." (doc. # 24, p. 9-11 (citing Cal. Corp. Code § 7704.09; Cal. Civ. Code §§ 1102, 2079).) The TPC affords Burns no basis for construing its allegations against him as violations of the duties of a trustee or the duties of an LLC member. Though the TPC alleges that Burns should bear responsibility for Hurwitz's alleged torts against the LLC, nowhere does it allege that Burns should be held liable for his duties as trustee of the trust that is the sole member of the LLC. Rather, the TPC alleges that Burns failed to exercise due care in inspecting the property, purchasing it, and subsequently assigning away the rights to it. (*See generally* TPC ¶¶ 12-13.)

In short, any distinction that Burns attempts to establish between the duties of an LLC member and those a seller or broker does not establish the absence of joint liability between him

and Hurwitz.

## IV. CONCLUSION

For the foregoing reasons, third party defendant Donald A. Burns's motion to dismiss for failure to state a claim is **DENIED**. Burns shall file an Answer to the third party complaint on or before August 11, 2014.

**IT IS SO ORDERED.**

DATED: July 30, 2014

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. JAN M. ADLER
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL