# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 9826 LFRCA, LLC, et al.,<br><br>                Plaintiffs,<br>v.<br>ROBERT A HURWITZ, et al.,<br><br>                Defendants. | Case No.: 3:13-cv-01042-L-JMA<br><br>**RECONSIDERATION OF ORDER [Doc. 70] GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION [Doc. 55] FOR SUMMARY JUDGMENT** |

    Pending before the Court is Defendants' motion [Doc. 74] to reconsider the denial of their motion for summary judgment as to the negligence claim. (See Recon. Mot. [Doc. 74].) The relevant facts of this case are known to the parties and were discussed in the Court's previous order. (See MSJ Order [Doc. 70] 2:1–3:7].) By way of background, this dispute arises out of a high end real estate transaction. Defendant Robert Hurwitz ("Hurwitz") was the selling real estate agent of a property located above Black's Beach known as "the Razor". Donald Burns ("Burns") was the purchaser of the property and the predecessor in interest to Plaintiff 9826 LFRCA, LLC ("Plaintiff"). Prior to sale, Hurwitz represented to Burns that the Razor "features private access to Black's Beach." Burns understood this representation to convey that the Razor included a non-revocable right to a beach access path that others could not use which was connected to the Razor.

In reality, the "private beach access" is revocable, shared with others, and located half a mile away from the Razor.

Accordingly, Plaintiff, as successor in interest to Burns, filed a complaint alleging (1) intentional misrepresentation; (2) negligent misrepresentation; (3) fraudulent concealment; and (4) negligence. (See Compl. [Doc. 1].) Defendants subsequently filed a motion for summary judgment that presented numerous arguments as to why the Court should dismiss all of Plaintiff's claims. (See MSJ [Doc. 55].) The only argument the Court found persuasive was that Burns' alleged reliance on Hurwitz's misrepresentations was not justifiable. Specifically, the Court reasoned that because (1) Burns is a sophisticated purchaser of high end real estate who, prior to closing, (2) personally inspected the property on two occasions and (3) received a full title report containing no mention of beach access, he was not justified in relying on Hurwitz's statement regarding beach access and concluding the property featured an exclusive and irrevocable right to an appurtenant path connecting the property to the beach below. (See MSJ 5:15–17.)

Because justifiable reliance is an element of the first three counts but not an express element of negligence, the Court granted Defendants' motion as to the first three counts only. (See MSJ Order.) As to the negligence claim, the Court denied Defendants' Motion, reasoning that there was an issue of fact as to whether California Civil Code § 2079(a) required Hurwitz to disclose the true nature of the "private beach access." Defendants now seek reconsideration, arguing that the Court's finding of no justifiable reliance is fatal to Plaintiff's negligence claim. (See Recon Mot.)

After further consideration of the issue, the Court concludes it was error to resolve the issue of justifiable reliance as a matter of law. Whether Burns' reliance was justified is an issue of fact that belongs to the jury. *Hoffman v. 162 North Wolfe LLC*, 228 Cal. App. 4th 1178, 1194 (2014) (justifiable reliance is generally a question of fact for the jury). Burns testified that he believed the property featured "private access" to Black's Beach because Hurwitz repeatedly told him as much and because, as a seller of such a high end piece of real estate who had it listed for some period of time, he felt Hurwitz

should have been familiar with the true nature of this advertised feature and accurately represented it. (See Burns Depo. [Doc. 61-3 Ex. D].) It is feasible that a reasonable jury could credit Burns' testimony and conclude his reliance was justified. For this reason, the Court **DENIES** Defendants' motion for reconsideration[1] and, pursuant to Fed. R. Civ. 54(b), modifies its previous MSJ Order such that Defendants' motion for summary judgment is denied in its entirety. All four of Plaintiff's claims may proceed to trial.

**IT IS SO ORDERED.**

Dated: May 9, 2017

Hon. M. James Lorenz
United States District Judge

---

[1] The Court therefore **DENIES AS MOOT** Defendant's application [Doc. 84] to amend the scheduling order.