UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 9826 LFRCA, LLC,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>RORBERT A. HURWITZ, et al.,<br><br>　　　　　　　　　Defendants.<br>ROBERT A HURWITZ, et al.,<br><br>　　　　　　　　　Third Party Plaintiffs,<br><br>v.<br><br>DONALD A BURNS,<br><br>　　　　　　　　　Third Party Defendant. | Case No.: 3:13-cv-01042-L-JMA<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION [Doc. 107] IN LIMINE** |

Pending before the Court is Plaintiff 9826 LFRCA, LLC's motion in limine. At the final pretrial conference, the Court established a two round schedule for motions in limine. In the first round, the Court granted Plaintiff leave to file a motion in limine on the issue of whether *Jue v. Smiser*, 23 Cal. App. 4th 312 (1994) precludes Defendants from offering evidence regarding post contract execution activity for the purpose of establishing justifiable reliance. The Court ordered that all other issues shall wait until the second round, which is not set for briefing and hearing until February 2018. In their

1

briefing on the first round, the parties discuss a number of issues the Court did not grant them leave to raise at this time. For purposes of efficiency, the Court reaches only two issues with this order: (1) whether Defendants may offer evidence regarding post contract execution activity for the purpose of negating the element of justifiable reliance and (2) whether Defendants' proffered evidence that Plaintiff failed to mitigate damages is relevant.

Regarding the first issue, there appears to be no disagreement between the parties as to the fact that the temporal focus for justifiable reliance is time of contract execution. *Jue*, 23 Cal. App. 4th at 313 (holding "a purchaser of real property who learns of potential material misrepresentations about the property after execution of a purchase agreement-but before consummation of the sale-[may] close escrow and sue for damages.") From this, it clearly follows that evidence of anything Mr. Burns learned after contract execution has no relevance as to the issue of reasonable reliance and therefore cannot be offered for this specific purpose. This holding does not, however, prevent Defendants from offering otherwise admissible evidence of post contract execution activity for other purposes.

As to the second issue, it is hornbook law that a plaintiff cannot recover damages in tort or for breach of contract to the extent a defendant proves the plaintiff could have mitigated damages by undertaking reasonable avoidance measures. *Shaffer v. Debbas*, 17 Cal. App. 4th 33, 41 (1993). At trial Defendants will contend that, even if Plaintiff prevails on its claims, it is not entitled to a recovery (or entitled to less of a recovery) because Hurwitz offered Burns an opportunity to quickly flip the property at a near $1 million profit. More specifically, Defendants have submitted an email Hurwitz sent shortly after close of escrow to Burns' attorney in which Hurwitz offered to connect Burns to a Saudi Arabian buyer who appeared eager to pay up to $15 million in cash for the property. (Dec. 30 Email [Doc. 108-3 Ex. L].) It seems that Burns ignored the offer.

In its reply brief, Plaintiff argues in rather conclusory fashion that any damage mitigation evidence is irrelevant because there was no practical way for Plaintiff to

mitigate its damages.  The Court disagrees.  Plaintiff alleges it sustained damages of about $1 million by overpaying for the property under the false belief that it featured private beach access.  (Compl. [Doc. 1].)  Defendant's proffered evidence is therefore highly relevant because it tends to show that Plaintiff may have failed to take advantage of an opportunity to easily recover nearly the entire amount of alleged overpayment.  Accordingly, the Court will not exclude this evidence on the grounds of it not being relevant.

For the foregoing reason, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion as follows:

- Defendant may not introduce evidence of post contract execution activity for the specific purpose of negating Plaintiff's claim of justifiable reliance.
- Defendant's proffered evidence regarding Plaintiff's alleged failure to mitigate damages is relevant.

**IT IS SO ORDERED.**

Dated:  October 20, 2017

Hon. M. James Lorenz
United States District Judge