UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 9826 LFRCA, LLC,<br><br>                       Plaintiff,<br><br>v.<br><br>RORBERT A. HURWITZ, et al.,<br><br>                       Defendants.<br>ROBERT A HURWITZ, et al.,<br><br>                       Third Party Plaintiffs,<br><br>v.<br><br>DONALD A BURNS,<br><br>                       Third Party Defendant. | Case No.: 3:13-cv-01042-L-JMA<br><br>**ORDER DISMISSING THIRD PARTY DEFENDANT DONALD A. BURNS** |

      This case arises out of a dispute between a real estate purchaser and a selling real estate agent. Third Party Defendant Donald A. Burns ("Burns") purchased a property offered for sale by real estate agent Robert A. Hurwitz ("Defendant"). After executing the purchase contract, Burns assigned the contract to 9826 LFRCA, LLC ("Plaintiff"), an LLC whose sole member is a trust for which Burns is settlor and trustee. Plaintiff alleges that when Burns executed the purchase he reasonably relied on Defendant's representations that the property featured private beach access. After the contingency

1

period ended and the contract became fully executed, Plaintiff alleges it discovered that these representations were false and that, in reliance upon them, Plaintiff overpaid for the property.

Defendant filed a third party complaint against Burns, seeking indemnification from Burns in the event that Defendant is found liable to Plaintiff. The gist of the third party complaint is that any harm Plaintiff may have suffered stems from Burns' alleged negligent failure to investigate the nature of the private beach access. Burns filed a motion to dismiss the third party complaint against him, arguing, *inter alia*, that it failed to state a claim because if Burns is found to have been negligent in performing due diligence, that finding would eliminate Defendant's liability to Plaintiff in the first instance by way of Defendant's defenses. By order dated July 31, 2014, the Court found this argument unpersuasive and denied Burns' motion to dismiss the third party complaint as to him. (Doc. 32).

On January 5, 2018, the Court indicated it was inclined to reconsider the denial of Burns' motion to dismiss and ordered the parties to show cause as to why the Court should not dismiss Burns from this case. (Doc. 112.) Burns, Plaintiff, and Defendant have all filed responses to the Court's order to show cause. (Docs. 113–15.) In his response, Defendant argues that "so long as the obligations and/or liabilities under the subject purchase agreement are retained by Burns individually, Mr. Burns must be included in this matter as an individual party, if not as a Third Party Defendant, than [sic] as an involuntary Plaintiff." (Doc. 113 2:18–21.)

Defendant's argument is not persuasive. Defendant does not cite any supporting authority or present any explanation as to how the non-assignment of Burns' alleged "obligations and / or liabilities" carries any relevance here given that Burns assigned to Plaintiff all of his rights in the subject transaction. Under the law of assignments, Plaintiff (as assignee) stands in Burns' (the assignor's) shoes with respect to any right it has to recover against Defendant for the alleged misrepresentation regarding private beach access. Cal. Civ. Code § 1459. Any defenses that Defendant would have had as to

Burns are therefore preserved as to Plaintiff. To illustrate, if a jury finds that Burns' alleged negligence in conducting due diligence was the legal cause of any loss suffered by Plaintiff, such a finding would necessarily offset Defendant's liability to Plaintiff in the first instance by way of Defendant's defenses that (1) any reliance by Plaintiff (standing in Burns' shoes) on Defendant's alleged misrepresentations was unreasonable and (2) Plaintiff did not conduct the required due diligence and thus failed to mitigate damages.

Because any negligence on the part of Burns would thus offset liability in the first instance, there is no possibility of Defendant obtaining secondary relief from Burns. It follows that the only feasible purpose keeping Burns as a third party defendant could accomplish is to unnecessarily complicate the issues and confuse the jury. Accordingly, pursuant to Federal Rule of Civil Procedure 54(b), the Court hereby reconsiders its denial of Burns' Fed. R. 12(b)(6) motion and dismisses Burns as third party defendant.

**IT IS SO ORDERED.**

Dated: January 23, 2018

_____
Hon. M. James Lorenz
United States District Judge