UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 9826 LFRCA, LLC,<br><br>                        Plaintiff,<br><br>v.<br><br>RORBERT A. HURWITZ, et al.,<br><br>                        Defendants. | Case No.: 3:13-cv-01042-L-JMA<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS [Docs. 118-122] IN LIMINE** |

Pending before the Court are two joint motions *in limine* and three opposed motions *in limine*. By way of background, this case arises out of a dispute between a real estate purchaser and a selling real estate agent. Donald A. Burns ("Burns") purchased a property offered for sale by real estate agent Robert A. Hurwitz ("Defendant"). After executing the purchase contract, Burns assigned the contract to 9826 LFRCA, LLC ("Plaintiff"), an LLC whose sole member is a trust for which Burns is settlor and trustee. Plaintiff alleges that when Burns executed the purchase he reasonably relied on Defendant's representations that the property featured private beach access. After the contingency period ended and the contract became fully executed, Plaintiff alleges it discovered that these representations were false and that, in reliance upon them, Plaintiff overpaid for the property. Accordingly, Plaintiff filed a complaint alleging intentional misrepresentation, negligent misrepresentation, fraudulent concealment, and negligence. Defendant denies liability, arguing he did not misrepresent the true nature of the beach

1

access and that, even if he did, Plaintiff should have no recovery because Burns' alleged reliance was unreasonable, Defendant owed no fiduciary duty to Plaintiff, Plaintiff suffered no damages, and Plaintiff failed to mitigate its damages.

## I. SEXUAL ORIENTATION

The parties jointly move to exclude at trial any evidence of the sexual orientation of any party, participant, or witness. (Doc. 118.) The parties contend that such evidence is not relevant to the issues at trial and that its introduction would be invasive to individual privacy and potentially trigger juror bias or prejudice. The Court agrees, and therefore excludes such evidence pursuant to Fed. R. Evid. 403 and 402.

## II. MR. CASTELLANOS

Rafael Castellanos is a real estate attorney retained by Burns for the subject transaction. By way of joint motion, the parties request that the Court order Mr. Castellanos "be precluded from offering any opinion testimony on standard of care, causation or damages." (Doc. 122.) The parties' joint request is granted.

## III. FBI EXTORTION INVESTIGATION

[redacted]



[redacted]

## IV. PRE-SALE APPRAISAL AND UNACCEPTED PURCHASE OFFER AMOUNTS

Plaintiff seeks to exclude three appraisals of the subject property that predate the transaction as well as an unaccepted purchase offer made by Burns. The three appraisals and the unaccepted purchase price are all higher than the $14,097,000 price at which Plaintiff ultimately purchased the property. The main issue at trial for which the prior appraisals and rejected purchase offer could be of relevance is the issue of damages. To determine damages, if any, the jury will have to decide how much value private beach

access, in a form the jury finds Plaintiff reasonably believed to exist, would add to the property.

Plaintiff contends that outdated appraisals and the purchase offer for the entire property carry little or no probative value as to how much private beach access is specifically worth. Plaintiff further contends that higher appraisals and purchase offers could have an unfair prejudicial effect of misleading the jury into believing that Plaintiff suffered no damages because it purchased the property at a price significantly below market.

The Court agrees that old appraisals of this property are not probative of the value of the beach access Plaintiff believed came with the property. Indeed, because beach access in the form Plaintiff expected does not actually exist, it is hard to see how its value would be incorporated in an appraisal of this property. The Court also agrees that this evidence could create juror bias by misleading the jury into thinking Plaintiff suffered no damages because he paid below market price for the property.

That said, these prior appraisal amounts could be relevant for purposes of comparative valuation of the property. To illustrate, if a comparable property that featured the type of beach access Plaintiff expected sold in the same timeframe as one of the appraisals of the subject property, comparing the purchase price of such a property to the appraisal price of the subject property could be probative of the marginal value added by the beach access. Accompanied by a cautionary instruction that a prior appraisal does not accurately reflect the value of the property at time purchased because of market fluctuations, this relevant evidence would not offend Fed. R. Evid. 403. Accordingly, the Court orders that evidence of appraisal amounts is admissible only in the context that it is relevant to a comparative valuation of the subject property to another comparable property sold on a date near the appraisal date.

As to the unaccepted purchase offer Burns made in March 2011, the Court finds the amount of that offer is not relevant to the issue of comparative valuation because Burns is not a certified appraiser making an objective valuation. Further, the fact that the

property sat on the market for about nine months after Burns' initial offer then sold for significantly less suggests the initial offer was high. That Burns did make an offer in March of 2011, by contrast, is relevant. It shows Burns' ongoing familiarity with the property and thus goes to the issue of reliance. Accordingly, the Court orders that evidence of Burns March 2011 purchase offer is admissible only if there is no reference to the offer's amount or to the fact that it was greater than the ultimate purchase price.

## V.  SITE VISIT

Defendant requests to take the jury on a site visit to the subject property to view the property grounds and the beach access path. Defendant contends that, as to the issue of reliance, it is critical that the jury see with their own eyes what Burns could have seen during his pre-purchase site visits. Plaintiff opposes, arguing that, given the number of images and exhibits depicting the property, the marginal probative value of a site visit is minimal. Plaintiff further contends that this marginal probative value is substantially outweighed by the logistical difficulties of a site visit and the risk that the jury, after seeing the upscale property and surroundings, will develop bias against Plaintiff on account of his wealth.[1] The Court will therefore defer resolution of this issue until after the close of evidence, at which time I will ask the jury whether they believe a site visit would be helpful.

---

[1] Plaintiff also argues that if the jury sees the subject property they should also get to see similar properties for purposes of comparative valuation as relevant to the issue of damages. Because it would clearly be an undue burden to visit other properties in addition to the subject property, Plaintiff argues the jury should visit no properties at all. This "slippery slope" argument is unpersuasive because a visit to the subject property does not trigger the alleged need to visit other properties. Rather, to the extent there is a need to visit other properties for comparative valuation (there is not), it exists regardless of whether the jury does or does not visit the subject property to see whether Burns should have noticed the lack of private beach access.

5

## VI. CONCLUSION & ORDER

The **Court GRANTS IN PART** and **DENIES IN PART** the parties' motions *in limine* as follows:

- The parties shall not present any evidence of the sexual orientation of any party, participant, or witness at trial.
- Mr. Castellanos shall not offer any opinion testimony on standard of care, causation, or damages.
- ██████████████████████████████████████████████ The Court further orders that the Clerk of Court shall seal the unredacted version of this order and Defendant's opposition [Doc. 126] to Plaintiff's second motion in limine. Plaintiff's *ex parte* motion [Doc. 128] to file a reply to Defendant's opposition is denied as moot.
- Evidence of appraisal amounts is admissible only in the context that it is relevant to a comparative valuation of the subject property to another comparable property sold on a date near the appraisal date.
- The parties shall make no reference to (1) the amount of Burns' March 2011 purchase offer or (2) the fact that it was greater than the ultimate purchase price.
- The Court defers decision on the issue of a jury site visit until close of evidence, at which time I will ask the jury if they believe a site visit would be helpful.
- The hearing on motions *in limine* set for Thursday, March 22, 2018 at 10:00 a.m. is vacated.

**IT IS SO ORDERED.**

Dated: February 16, 2018

Hon. M. James Lorenz
United States District Judge